(613 P.2d 392)
No. 50,452

In the Interest of JOSEPH TROY SCHARSCHELL, BENJAMIN SCHARSCHELL.

Opinion filed July 11, 1980.

*Geoffrey E. Lind,* of Kansas City, for appellant father, Joseph Scharschell, Sr.

*Muriel Andreopoulos,* assistant district attorney, *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for appellee State of Kansas.

Before SWINEHART, P.J., REES and SPENCER, JJ.

REES, J.: Joseph Scharschell, Sr., appeals the severance of his parental rights as to his sons, Benjamin and Joseph Scharschell, Jr.

Scharschell challenges the finding of unfitness and the order of severance asserting that due to his incarceration in various federal, state and city prison facilities he was unable to (1) comply with the trial judge's order to submit an acceptable child care plan, and (2) aid in defense of his case, thus denying him the allegedly requisite effective assistance of counsel.

Five hearings were held over a ten-month period on the severance issue. Scharschell makes no contention that he was without notice of any of the hearings. He was in a federal penitentiary in Colorado at the time of the first hearing; he did not appear in person or by retained counsel. An attorney was appointed for him. The severance issue was taken under advisement.

At the time of the second hearing, Scharschell was still incarcerated in Colorado but had informed his attorney that he was soon to be released on probation. The trial judge again took the severance issue under advisement and ordered that Scharschell prepare a comprehensive child care plan to be submitted at the next hearing.

At the third hearing, it was disclosed that Scharschell had been

released on parole by federal authorities but had been picked up on an outstanding city warrant in Kansas City, Kansas. He did not appear; he was an inmate of the city jail. The record reflects that Scharschell was not incarcerated in any jail for approximately 77 days between the second and third hearings. It is not known what contact he had with his attorney during that time but he did not submit a child care plan at the third hearing as ordered. His parental rights were ordered severed.

A fourth hearing was held as a result of a motion for rehearing filed by Scharschell. He appeared personally and submitted a child care plan. The city warrant had been dismissed, but other charges were pending against him. The trial judge stayed execution of the severance order and ordered Scharschell to revise and update his child care plan and submit it at a later hearing.

At the fifth hearing, Scharschell appeared in person. He had been incarcerated since the previous hearing and was awaiting transfer to the Kansas State Penitentiary to serve a one-to-ten year sentence. There was a possibility his federal parole would be revoked. No revised child care plan was submitted. The trial judge lifted the stay of execution on the severance order.

On appeal, Scharschell claims an acceptable child care plan necessarily required him to have a home and means of support and that by reason of his incarceration he was unable to meet this requirement. He argues, in effect, that severance was ordered because of his incarceration in prison.

The parental rights of the mother of the children were severed at the third hearing. Thus, the sole parental responsibility for their care and support devolved upon Scharschell. Common sense indicates that he had two choices—either care for the children himself or find friends or relatives who would do so for him. His incarceration eliminated one alternative and he failed to adequately pursue the other. Scharschell's incarceration cannot be said to have prevented him from contacting, orally or in writing, his attorney or friends and relatives in an attempt to prepare an adequate child care plan.

Similarly, Scharschell's argument that he was denied effective assistance of counsel is without merit. K.S.A. 1979 Supp. 38-820 provides for appointment of counsel in a severance proceeding if a parent is unable to employ counsel. This was done. Assuming

the statute necessarily requires effective assistance of counsel, Scharschell has not shown that he was denied such.

Scharschell's argument is that due to his incarceration he was unable to adequately assist in defense of the case. He relies on *Powell v. Alabama,* 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55 (1932). In that case, several men were charged with the rape of two women. They were arraigned without counsel. They had no contact with an attorney until the first day of trial, when the trial court agreed to allow several attorneys to aid in their defense. No pretrial investigation or consultation was made available to the defendants. They were convicted. The United States Supreme Court reversed the convictions holding the defendants had been denied their Sixth Amendment right to counsel because they were denied the opportunity to consult with counsel and to prepare a defense prior to trial. 287 U.S. at 58-59.

Scharschell was not denied the opportunity to confer with his attorney; his incarceration only made it more difficult for him to do so. He knew his attorney's name and address and it is not claimed that while incarcerated he was unable to contact his attorney. It is neither claimed nor shown he was held incommunicado. Further, he was not incarcerated the entire time the case was pending. There was the 77-day period during which he could have prepared and submitted a child care plan. Scharschell personally appeared at the last two hearings. The facts do not support Scharschell's claim he was not afforded effective assistance of counsel.

Affirmed.